IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**1:CV 01-1680**

| | |
|---|---|
| HOLLY S. HAINES,<br>　　　　Plaintiff | |
| v. | NO. |
| SUSQUEHANNA AREA REGIONAL<br>AIRPORT AUTHORITY AND<br>BAA-HARRISBURG,<br>　　　　Defendants | CIVIL ACTION – LAW<br><br>JURY TRIAL DEMANDED |

FILED
HARRISBURG
AUG 3 1 2001
MARY E. D'ANDREA, CLERK
Per_____
　　　DEPUTY CLERK

## COMPLAINT

1.  Plaintiff Holly S. Haines is an adult resident of Snyder County, Pennsylvania, and a citizen of the Commonwealth of Pennsylvania.

2.  Defendant Susquehanna Area Regional Airport Authority (hereinafter SARAA) is an authority created pursuant to the laws of the Commonwealth of Pennsylvania, which at all relevant times owned, controlled, and/or possessed Harrisburg International Airport, including its main terminal and bathroom facilities. Defendant SARAA does or may receive federal funding in connection with its operations.

3.  Defendant BAA-Harrisburg is a management corporation, which pursuant to contract with Defendant SARAA also controlled and possessed Harrisburg International Airport's main terminal, including its bathroom facilities.

4.  Jurisdiction derives from 28 U.S.C. § 1331, as the Plaintiff's claims arise under the laws of the United States. Venue is proper under 28 U.S.C. § 1391.

5.  Defendant BAA-Harrisburg has asserted in the past, under circumstances relevant to this action, that it shares SARAA's public agency status.

6. On or about September 2, 1999, at approximately 11:15 a.m., Holly S. Haines was visiting Harrisburg International Airport to meet a friend arriving from North Carolina.

7. On that day, Ms. Haines was accompanied by her Mother and her assistant, Lisa Belatinez, to the ladies' room on the main floor of the airport's terminal.

8. While attempting to use the handicapped toilet stall in the ladies' room, Ms. Haines encountered extreme difficulty due to the abnormally small bathroom stall. Ms. Haines is ordinarily able to maneuver her wheelchair within the handicapped stall such that she can transfer from wheelchair to toilet stall without the need to stand, and with minimal assistance.

9. Federal regulations issued under the Americans with Disabilities Act require a handicapped stall to be sixty (60) inches wide. The stall in question is only fifty (50) inches wide.

10. Ms. Haines and others required several attempts to push the wheelchair into the stall in order to obtain the best angle for transferring.

11. With the wheelchair at a ninety (90) degree angle to toilet, Ms. Belatinez assisted Ms. Haines to her feet and continued to hold her.

12. Another individual pulled the wheelchair out of the way in order to permit room to rotate Ms. Haines in close quarters to the toilet stall.

13. Ms. Haines recalls that her feet were slipping at this time.

14. Ms. Belatinez turned to sit Ms. Haines on the toilet, and during that process, Ms. Belatinez lost her balance.

15. Ms. Haines and Ms. Belatinez tumbled to the floor, Ms. Belatinez landing on top of her with Lisa's knees hitting Holly's legs above the knees, causing fractures.

16. Defendants maintained an architectural barrier to Plaintiff's use of the bathroom stall, which constitutes a failure to provide safe and equal access to its programs, facilities, services, and activities, and a denial of access to its programs, facilities, services and activities.

17. Because of Defendants' violation of law, as related more specifically below, Holly Haines has suffered damages which include but are not limited to the following:

   a. left superchondral fracture and right femoral shaft fracture;

   b. lower back injury;

   c. shoulder injury;

   d. loss of overall muscle vigor and tone because of inactivity during period of recuperation, combined with Ms. Haines' preexisting status as an individual with muscular dystrophy.

18. As a result of Defendants' violation of law, Plaintiff Holly S. Haines was forced to incur medical expenses in an effort to restore herself to health, and because of the nature of her injuries, Holly S. Haines will be forced in incur similar expenses in the future, and claim is made therefor.

19. As a result of Defendants' violation of law, Plaintiff Holly S. Haines has undergone and in the future will undergo great physical and mental pain and suffering, great inconvenience in carrying out her daily activities, loss of life's pleasures and enjoyment, and claim is made therefor.

20. As a result of Defendants' violation of law, Plaintiff Holly S. Haines has been and in the future will be subject to great humiliation, embarrassment and disfigurement, and claim is made therefor.

21. As a result of Defendants' violation of law, Plaintiff Holly S. Haines has in the past and may in the future sustain a loss of earnings and a diminution of earning capacity, and claim is made therefor.

22. As a direct and proximate result of Defendants' violation of law, Plaintiff Holly S. Haines has suffered compensable damages and loss.

## COUNT I

### Holly S. Haines v. Susquehanna Area Regional Airport Authority and BAA-Harrisburg

23. Paragraphs 1 through 22 are incorporated herein by reference as if set forth in their entirety.

24. All of Plaintiff's damages as hereinbefore related are the direct and proximate result of Defendants' violation of Title II of the Americans with Disability Act, in that they, while in possession and/or control of the Harrisburg International Airport terminal's first floor women's facility, maintained a handicap stall with dimensions violating the requirements of the law.

25. Defendants' maintenance of the facility in violation of the Act constitutes intentional discrimination against the Plaintiff.

26. As a result of Defendants' violation of federal law, Plaintiff Holly S. Haines was excluded from enjoying the benefit of services offered by Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants Susquehanna Area Regional Airport Authority and BAA-Harrisburg in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs and in excess of any jurisdictional amount requiring compulsory arbitration, and for any additional relief available under the law.

## COUNT I

### Holly S. Haines v. Susquehanna Area Regional Airport Authority and BAA-Harrisburg

27. Paragraphs 1 through 26 are incorporated herein by reference as if set forth in their entirety.

28. Because of Defendants' failure to maintain the handicap facilities in accordance with standards required by federal law, and in a manner safe for disabled patrons such as Plaintiff Holly S. Haines, Plaintiff has been denied the benefits of a program or activity receiving federal financial assistance, and has been subject to discrimination by a program or activity receiving federal financial assistance.

29. As a result of the denial of equal access and Defendants' discrimination, Holly S. Haines has suffered damages as stated above.

WHEREFORE, Plaintiff demands judgment against Defendants Susquehanna Area Regional Airport Authority and BAA-Harrisburg in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs and in excess of any jurisdictional amount requiring compulsory arbitration, and for any additional relief available under the law.

Respectfully submitted,

ANGINO & ROVNER, P.C.

_____
Joseph M. Melillo, Esquire
Attorney I.D. No. 26211
4503 North Front Street
Harrisburg, PA 17110
(717) 238-6791
Attorney for Plaintiff

Date: August 30, 2001